# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN COMBS WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MOLINA, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00499-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Dashawn Combs Wilson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 12.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California. Plaintiff alleges the events in the complaint occurred while he was housed at Corcoran Prison Substance Abuse and Treatment Facility. Plaintiff names as defendants (1) Mr. C. Molina, correctional officer, (2) Mr. J. Banania, correctional officer, (3) Mr. B. Madrigal, correctional officer, (4) Mr. C. Rodriguez, correctional officer, (5) Mr. A. Carrillo, correctional officer, (6) Mr. J. Anguiano, correctional officer, (7) Mr. D. Torres, correctional officer, (8) Mr. Ceballo-Tapia, correctional officer, and (9) Ms. Dr. Grimming, psychologist.

In claim 1, Plaintiff alleges violations of the Eighth Amendment. Plaintiff alleges that on 9/12/23, Plaintiff smoked something and went out on the floor. When Plaintiff woke up inside his vomit, he tried to get up slowly around the vomit. Plaintiff was pulled through the vomit by a still unknown officer.[1] When Plaintiff stood up, Mr. B. Madrigal put a part of a waist chains on Plaintiff's left wrist and impolitely asked Plaintiff to exit his cell for medical treatment. Plaintiff, knowing his rights and the long medical process, refused all medical treatments. Mr. B. Madrigal

---

[1] The Court will liberally construe this allegation as a John Doe Defendant allegation.

2

1 impolitely asked Plaintiff to exit the cell so he can uncuff Plaintiff from the outside areas.
2 Plaintiff got upset and pulled up his falling shorts and refused once again not understanding why
3 he could not just uncuff Plaintiff from inside the cell area.  He got upset and looked around after
4 telling his friends correctional officers a few words while Plaintiff still was trying to get himself
5 together and get cleaned up by them pulling Plaintiff inside the vomit.  While Plaintiff was trying
6 to understand Mr. B. Madrigal conversation with the other officers.  Mr. B. Madrigal, Mr. C.
7 Molina, Mr. C. Rodriguez, Mr. A. Carrillo, Mr. J Anguiano, Mr. D. Torres, M. Ceballo-Tapia all
8 rushed plaintiff without any type of warning and utilized excessive force upon Plaintiff's body
9 and created many damages. Plaintiff's position was trying to hold himself up being socked,
10 chocked, twisted up, yelled at from every angle.  Plaintiff could not see and know who actually
11 did what and went out during their use of unwise and unjustified and unnecessary force.

12    In claim 2, Plaintiff alleges a violation of the Eighth Amendment.  Plaintiff alleges that on
13 9/12/24[2] after getting excessive use of force on by many officers, many people told Plaintiff that
14 Plaintiff was going to be cleared after doing his 24 hour suicide watch.  When Plaintiff was
15 cleared, Ms. Dr. Grimming, a psychologist, came to Plaintiff's cell and started to ask questions
16 that did not have anything to do with Plaintiff's mental health status.  When Plaintiff did not
17 answer, she got upset and said she was going to find a reason to send Plaintiff to the crisis bed
18 and sent Plaintiff to the crisis bed off of old reports when Plaintiff was not in any type of crisis.
19 When Plaintiff was in the crisis bed at Corcoran State Prison, Plaintiff suffered severely
20 emotionally and could not take his mind off of the correctional officers brutal use of excessive
21 force on Plaintiff, by not having any TV or radio inside the crisis bed.  Plaintiff suffered
22 physically by not having his canteen and hygiene to properly eat and clean himself. Plus "many
23 unwise things and unjustified things happened" to Plaintiff while he was healing inside the crisis
24 bed.  For these reasons, Ms. Dr. Grimming's poor decision when Plaintiff pleaded not to be sent
25 to the crisis bed.  Plaintiff holds her responsible for trying to cover up and help those CDCR
26 officer retaliate upon Plaintiff.

---

[2] In claim 2, the date of the incident is alleged to be 9/12/24, whereas claim 1 alleges the date of the incident was 9/12/23.

1    As remedies, Plaintiff seeks to have the court properly investigate the claims seeks
2    compensatory and punitive damages.

3    **III.    Discussion**

4    Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to
5    state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided the relevant pleading
6    and legal standards, Plaintiff has been unable to cure the deficiencies.

7    **Federal Rule of Civil Procedure 8**

8    Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim
9    showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations
10   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11   conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must
12   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
13   its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations
14   are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
15   572 F.3d at 969.

16   Here, Plaintiff's complaint is short.  But it is not a plain statement of his claims showing
17   that he is entitled to relief.  Many of Plaintiff's allegations are conclusory and do not state what
18   happened, when it happened, or which defendant was involved.  Plaintiff was informed that he
19   must state the factual basis for his claims and not merely conclusions.  Plaintiff fails to provide
20   factual allegations in support of his claims.  For instance, Plaintiff fails to include any factual
21   allegations identifying what happened, when it happened, what force was used and who was
22   involved in the alleged excessive force.  Indeed, the facts do not state that any force was used
23   and/or what force was used. Fed. R. Civ. P. 8.

24   **Eighth Amendment-Excessive Force**

25   The Eighth Amendment protects prisoners from inhumane methods of punishment and
26   from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
27   2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual
28   Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

4

(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. *See Hudson*, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Plaintiff's conclusory allegation that he was injured or assaulted is insufficient. Plaintiff does not allege what happened to him or the type of force used and does not allege if he was in compliance with orders and not resisting. Merely because Plaintiff was in handcuffs does not mean Plaintiff was in compliance and not resisting. Further, Plaintiff does not allege what he believes any defendant did to engage in force. In the Court's prior screening order, Plaintiff was informed that he must explain the force used against him and may not merely allege that "excessive force" was used. Plaintiff has been unable to cure this deficiency.

///

**Eighth Amendment-Conditions of Confinement**

Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison,* 887 F.2d 134, 137 (9th Cir. 1989). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each alone would not suffice, but only when they have a combined effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304–05 (comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)). Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cty. of Kern*, 45 F.3d 1310, 1315 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered); *see Palmer v. Peralta*, No. 1:24-CV-0104-BAM (PC), 2024 WL 3226780, at *5–6 (E.D. Cal. June 28, 2024) (failing to state a claim where plaintiff alleged he was handcuffed to a cell for 1 hour and 45 minutes and could not get water, sit or use the restroom).

The temporary deprivation of Plaintiff's TV, radio, canteen, and unique self-grooming while he was in the crisis bed fails to state a claim.

**Eighth Amendment-Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

6

to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against Ms. Dimming for admitting Plaintiff into the crisis bed against Plaintiff's wishes. Plaintiff alleges he was groggy, had vomited, and was struggling with consciousness. At most, the decision to place Plaintiff in the crisis bed for his

7

own safety demonstrates a difference of opinion between Defendant Ms. Grimming and Plaintiff regarding his crisis bed placement. Plaintiff has been unable to cure this deficiency.

**False Reports**

To the extent Plaintiff alleges that Defendants falsified chronos, disciplinary or medical reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto,* No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

**Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

///

1  Plaintiff uses the word retaliation but Plaintiff fails to allege facts for each of the elements
2 of a claim for retaliation against any defendant.

### III. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 8, 2024**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

9